BRET L. TOLMAN, UNITED STATES ATTORNEY (# 8821)
ROBERT E. STEED, Special Assistant United States Attorney (#6036)
JOHN HUBER, Assistant United States Attorney (# 7226)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 524-5682

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:05 CR 136 TS |
| Plaintiff, | : | GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE OF |
| vs. | : | DEFENDANT'S PAROLE STATUS |
| ANDREW DAVID JARAMILLO, | : | |
| Defendant. | : | Judge Ted Stewart |

_____

The United States Attorney, by and through the undersigned Special Assistant United States Attorney, hereby submits the Government's notice of intent to rely on and introduce evidence pertaining to defendant's status as a parole fugitive at the time of his arrest on or about October 11, 2005.  Defendant's parole status is not being offered as evidence of prior bad acts or in order to unfairly prejudice the defendant at trial.  Defendant's status as a parole fugitive is relevant evidence and is inextricably intertwined with the facts that occurred on October 11, 2005 when the defendant was apprehended and arrested following a high speed chase in Weber County, Utah.  The government provides notice of its intent to produce evidence of defendant's parole status in advance of trial in order to address any objection to this evidence during the course of the trial in the presence of the jury.

The Defendant is charged with violations of 18 U.S.C. § 922(g)(1), possession of firearms and ammunition by a convicted felon and 21 U.S.C. 844(a), possession of a controlled substance. The government intends to introduce into evidence testimony that the defendant was on parole[1] and specifically a parole fugitive at the time of his discovery and arrest. During his arrest, the Government will seek to establish that the defendant was found in possession of a loaded handgun, ammunition and controlled substances. The fact that the defendant was a wanted parole fugitive and had an outstanding warrant from the Utah Board of Pardons and Parole was a relevant factor that precipitated the officer's actions in trying to locate and apprehend him. Evidence of defendant's parole status also provides a logical and fair inference as to the defendant's state of mind, motive, and plan at the time of his arrest when he allegedly was found driving in darkness on October 11, 2005 with his lights out in a stolen motor vehicle. His status is also relevant to his conduct when officers attempted to conduct a traffic stop, including his effort to evade the police and his subsequent crash and discharge of the firearm in his possession.

    Furthermore, defendant's parole status is relevant because his parole agreement placed him on actual notice that possession of firearms and controlled substances were prohibited and, if discovered in his possession, could result in revocation of his parole. Accordingly, this evidence would be admissible to prove defendant's intent when he fled from the police and that is conduct was knowing and intentional with respect to the possession of the firearm and ammunition.

---

[1] The defendant was paroled ( a second time) on August 17, 2005. A warrant was issued for his arrest by the Utah Board of Pardons & Parole on September 28, 2005 based on allegations that he absconded from parole.

### A. Defendant's Status as a Paroled Offender is Inextricably Intertwined with the Facts of this Case.

Evidence of defendant's parole status is not being offered to demonstrate defendant's propensity to commit crimes or possess firearms and controlled substances. Defendant's parole status is intrinsically intertwined with facts of this case particularly with the events leading up to his arrest. In spite of potential objections to such evidence as being evidence of other crimes or bad acts under Rule 404(b) of the Federal Rules of Evidence, defendant's parole status is not the type of evidence which may be considered as a prior bad act under Rule 404 (b) of the Rules of Evidence. "`Other bad acts" means acts that are not part of the events giving rise to the present charges." *United States v. Gorman,* 312 F.3d 1159, 1162(10th Cir. 2002) *quoting United States v. Record*, 873 F.2d 1363, 1372 n.5 (10th Cir. 1989). "[A]cts intrinsic to or intertwined with the charged acts are not Rule 404(b) acts." *Id. See also United States v. Green*, 175 F.3d 822 (10th Cir. 1999)(Rule 404(b) only applies to acts extrinsic to the crime charged.)

### B. Defendant's Parole Agreement Is Relevant to Notice, Knowledge and Motive.

The terms and conditions contained in defendant's written parole agreement put the defendant on actual notice that he was not to possess firearms or weapons or illegal drugs while on parole. The parole agreement also put the defendant on notice that his residence would be subject to random visits by parole officers and that the parole officers could conduct searches day or night, without a warrant, to enforce the conditions of his parole if they have reasonable suspicion to believe that he was in violation of his parole. Though it is not an element of the charged offenses to establish that the defendant knew it was illegal as a convicted felon to possess firearms or illegal drugs, the parole agreement by its terms provides notice to the

defendant of the potential consequences of violating his parole by possessing firearms and provides a motive for the defendant to conceal weapons and firearms from law enforcement. It is reasonable to permit the jury to draw the inference that among the possible motives for the defendant to flee from the police was not only to avoid capture, but to conceal the firearm and controlled substances in his possession from the police.

To exclude evidence of defendant's status as a parole fugitive could create confusion and missing pieces of information which would prevent the government from introducing the evidence in a logical, complete and coherent manner. It would also create confusion by forcing the government's witnesses to testify completely out of context with the facts in this case. This includes testimony from law enforcement that they were aware of defendant's parole fugitive status and was the reason why they were looking for him. Moreover, another government witness will testify that she called the police to report the defendant's location because he was a fugitive from parole.

Based on the foregoing points and authorities, the Government seeks a ruling from the Court that evidence pertaining to defendant's parole status will not be barred as inadmissible evidence of prior bad acts, or that such evidence is unfairly prejudicial to the defendant.

DATED this 6th day of November, 2006.

        BRETT L. TOLMAN
        UNITED STATES ATTORNEY


        *Robert E. Steed*
        ROBERT E. STEED  (#6036)
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Notice of Intent to Introduce Evidence of Defendant's Parole Status, was served via electronic filing with the Court to all parties named below, this *6th* day of November, 2006.

**Colleen K. Coebergh**
29 S STATE ST # 7
SALT LAKE CITY, UT 84111
(801)364-3300
ckc4thedefense@msn.com


                                                          *Robert E. Steed*