**COLLEEN K. COEBERGH, 8052**
**ATTORNEY AT LAW**
29 South State Street, #007
SALT LAKE CITY, UTAH 84111
TELEPHONE: (801)364-3300
FACSIMILE (801)359-2892

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>ANDREW DAVID JARAMILLO,<br><br>   Defendant. | MOTION IN LIMINE TO PROHIBIT THE GOVERNMENT FROM INTRODUCING DEFENDANT'S PRIOR CONVICTIONS<br><br>Case No.    1:05CR00136TS<br><br>Judge   B. Ted Stewart |

   Comes now, Colleen K. Coebergh, Attorney at Law, and Moves the Court for its Order in Limine to Prohibit the Government from using the prior convictions of Defendant at trial. Grounds and reasons for said Order are that the Defendant is prepared to stipulate that he was a convicted felon on the date alleged in the Indictment. His status as "prohibited" from possession of a firearm would therefore be proven beyond a reasonable doubt by virtue of that stipulation. That element having been proven by stipulation, any use of prior convictions would be for an improper purpose, and violate Rules 403 and 404(b) of the Federal Rules of Evidence.

   In <u>Old Chief v. United States</u>, the Defendant was on trial for felon in possession of a firearm and other crimes. He offered to stipulate he was a felon, thus relieving the Government

of its burden of proving that element at trial.  The Government refused to enter into that stipulation, and the trial court allowed the Government to admit evidence of the prior convictions.

"...[A] district court abuses its discretion if it spurns [and offer to stipulate to felon status] and admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of the prior conviction."  <u>Old Chief v. United States</u>, 519 U.S. 172 174 (1997).

The Defendant has been given to understand the Government intends to admit all Defendant's prior felony convictions, several of them similar to the crimes charged in the Indictment.  The admission of that evidence over the Defendant's offer of stipulation to felon status would be for an improper purpose and violate the rule articulated in <u>Old Chief</u>. Accordingly, the Defendant prays for the Court's Order in Limine that the Defendant's offer to stipulate that he was a felon on the date in question be imposed on the Government, that the jury be instructed that the Defendant's felon status is to be considered conclusively proven, and that the Government be prohibited from admitting any evidence regarding Defendant's particular felony convictions.

Respectfully submitted this 7th day of November, 2006.

_____
Colleen K. Coebergh

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2006, I served a true and correct copy of the foregoing Motion in Limine, by hand delivering same, and by transmitting to a known electronic filer, to wit:

John Huber
Assistant United States Attorney
185 South State Street, Suite 400
Salt Lake City, UT 84111

_____