IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW DAVID JARAMILLO,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING GOVERNMENT'S PRETRIAL MOTIONS<br><br><br><br>Case No. 1:05-CR-136 TS |

This matter is before the Court on pending motions in preparation for trial; Government's Notice of Intent to Introduce Evidence of Defendant's Parole Status; Motion in Limine re: Rule 609 Impeachment of Defendant; and the Government's Motion for Reciprocal Discovery.

The government moves for a determination that it may introduce evidence of Defendant's parole status at the time of the acts alleged in the Indictment. The government first contends that evidence of Defendant's parole status is not covered by Fed. R. Evid. 404(b) because Defendant's parole status as inextricably intertwined with the facts, as the law enforcement witnesses will testify that they were searching for him

because of the parole violation warrant and another witness will testify that she called the police to report his location because he was a fugitive from parole.  Second, the government contends that even if Defendant's parole status is 404(b) evidence, it is admissible to show his motive to flee from the officers rather than be discovered in alleged possession of materials in violation of his parole agreement.

> Fed. R. Civ. P. 404(b) provides:
>
> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, . . . knowledge, . . . .

The well-known *Huddleston*[1] requirements for admissibility of Rule 404 (b) evidence are: "(1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the defendant so requests."[2]   The government should "articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts" and the "trial court must specifically identify the purpose for which such evidence is offered and a broad statement merely invoking or restating Rule 404(b) will not suffice."[3]

> Evidence is admitted for a proper purpose if allowed for one or more of the enumerated purposes in Rule 404(b).  It is relevant if it tends to prove or

---

[1] *United States v. Huddleston,* 485 U.S. 681, 691-92 (1988).

[2] *United States v. Mares,* 441 F.3d 1152, 1156 (10th Cir. 2006) (citing *Huddleston*, 485 U.S. at 691).

[3] *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985)

disprove one of the elements necessary to the charged offense.  The danger of unfair prejudice resulting from the evidence's admission must not substantially outweigh the probative value of the evidence under the balancing test of Fed.R.Evid. 403.  The limiting instruction must caution the jury to consider the evidence only for the limited purposes for which it is admitted and not as probative of bad character or propensity to commit the charged crime.[4]

However, Rule 404(b) only applies to evidence of acts extrinsic to the claims.[5]

[Evidence is 'inextricably intertwined if] it formed an integral and natural part of the witness' accounts of the circumstances surrounding the offense[] for which the defendant was indicted.[6]

In the present case, the Court finds that the Defendant's status as a parolee forms an "integral and natural part of the witness' accounts of the circumstances surrounding the offense for which" Defendant was indicted.  The government proffers, and Defendant does not dispute that government witnesses will explain that Defendant's status as a parole fugitive and the existence of an outstanding parole warrant were the reasons that he was located and the reason for the law enforcement chase that culminated in his being pulled over in the stop in which the firearm and substances were allegedly found.   It  would not be logical to expect the witnesses to testify about these events while trying to omit the

---

[4]*Mares*, 441 F.3d at 1156-57 (citing *United States v. Tan,* 254 F.3d 1204, 1211-12 (10th Cir. 2001) (noting that *Tan* holds that in order for evidence to be inadmissible under Rule 403, the evidence's unfair prejudice must do more than "damage the [d]efendant's position at trial," it must make "a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.").

[5]*United States v. Johnson*, 42 F.3d 1312, 1316 (10th Cir. 1994).

[6]*Id.*

3

reason for them.  Thus, the Court finds that the proposed testimony is not 404(b) evidence.[7]  However, in view of the potential prejudice from the information that Defendant was on parole, the Court will give the jury a cautionary instruction at the time of the testimony informing the jury that this case does not involve the alleged parole violations. In addition, there does not appear to be any reason to have testimony regarding the specifics of the alleged offense of absconding from parole or of the crime for which Defendant was serving a sentence when he was paroled.  Counsel shall inform their witnesses that they are to avoid such subjects as not generally relevant.

Turning to the government's next motion: in the event that Defendant testifies, the government seeks a ruling that it may use Defendant's six prior felony convictions under Rule 609 to impeach his credibility if he posits either of two defenses.

Rule 609 of the Federal Rules of Evidence provides: "evidence that an accused has been convicted of [a felony] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."[8]  "Rule 609(a)(1) is intended to make it harder to admit conviction evidence when offered against an accused than it is when offered against another witness."[9]

---

[7]*C.f. United States v. Stewart*,  1996 WL 592168, *2 (2nd Cir. 1996) (unpublished Second Circuit case holding that it was not abuse of discretion to allow officer's testimony of defendant's parolee status under Rule 404(b) because it "placed into an intelligible context" defendant's statement showing his consciousness of guilt).

[8]Fed. R. Evid. 609(a)(1).

[9]*United States v. Howell*,  285 F.3d 1263, 1268 n.1 (10th Cir. 2002) (quoting 28 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure § 6134 at 230 (1993)).

In weighing the probative value of the evidence of the felony convictions, the Court notes that, pursuant to the parties' stipulation, the jury will be informed by stipulation that Defendant is a convicted felon.[10]

However, the Court agrees that if Defendant posits either of the two defenses specified by the government, that Defendant's credibility will become an issue. The Court finds, under such circumstances, that the prior convictions may be relevant to his character for truthfulness. It is important to note that evidence proffered under Rule 609, unlike that proffered under Rule 404(b), need only be probative of the accused's character for truthfulness, and not probative of whether or not he committed the crimes charged.[11] The Court finds, however, that the probative value of the prior felony convictions of possession of controlled substances for the purposes of Rule 609 would be outweighed by their prejudicial effect because the jury may consider them to be evidence that he committed the possession crimes charged rather than merely probative of his character for truthfulness. Regarding the other four convictions, the Court directs the government to limit its impeachment to the use of only two or three of the prior convictions, rather than all four. Otherwise, the prejudicial effect would outweigh their probative value as the jury may

---

[10] Docket No. 49 (Mem. Dec. and Order Granting Def.'s Mot. in Limine based upon Defendant's stipulation that he is a felon).

[11] *United States v. Haslip*, 160 F.3d 649, 654 (10th Cir. 1998) (quoting with approval and following *United States v. Valencia*, 61 F.3d 616, 618-19 (8th Cir. 1995) ("While both rules speak of 'probative value' and 'prejudice,' it is critical to note that evidence offered under the respective rules is probative as to different matters.").

5

consider them as evidence that the Defendant has a propensity to commit crimes, rather than considering them as evidence of his character for truthfulness.

The parties shall submit proposed jury instructions in accordance with the foregoing no later than the start of trial.

Turning to the government's last Motion, the Court finds that the government is entitled to reciprocal discovery. Based upon the foregoing, it is therefore

ORDERED that the government's Notice of Intent to Introduce Evidence of Defendant's Parole Status (Docket No. 37) is GRANTED. It is further

ORDERED that the government's Motion in Limine re: Rule 609 Impeachment of Defendant (Docket No. 39) is GRANTED IN PART, as set forth above. It is further

ORDERED that the Government's Motion for Reciprocal Discovery (Docket No. 56) is GRANTED and the government is entitled to all information subject to disclosure under Fed. R. Crim. P. 16 and DUCrR 16-1.

DATED  May 24, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge