IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITEDS STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW DAVID JARAMILLO,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RESENTENCING<br><br><br>Case No. 1:05-CR-136 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Andrew David Jaramillo's Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2). For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Defendant was named in a three-count Indictment on November 2, 2005, charging him with possession of a firearm and ammunition by a convicted felon and two counts of possession of a controlled substance. Defendant pleaded guilty to Count I on May 25, 2007. Defendant was sentenced on August 21, 2007, to 180 months' imprisonment in accordance with his plea agreement. The Judgment ordered that his sentence run concurrent to his state sentence. Defendant argues that the Bureau of Prisons ("BOP") has failed to correctly compute his sentence credit.

## II. DISCUSSION

Except in limited circumstances, the Court cannot modify a term of imprisonment once it has been imposed.[1] Section 3582(c)(2) provides a limited exception "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[2] In that case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[3]

Defendant relies on the recent amendments to Sentencing Guideline Section 5G1.3.[4] While this section has been amended, this change has not been made retroactive.[5] Therefore, Defendant has not been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission and the Court is without jurisdiction to consider his request. Moreover, it is clear that Defendant is challenging the BOP's computation of his sentence. As was previously explained,[6] such challenges must be brought as a petition under 28 U.S.C. § 2241 in the District in which Defendant is confined, after

---

[1] 18 U.S.C. § 3582(c).

[2] *Id.* § 3582(c)(2).

[3] *Id.*

[4] Defendant cites to Amendment 8 to the Guidelines Manual. The Court presumes that Defendant intended to rely on Amendment 787, which contains the relevant amendments to Section 5G1.3.

[5] *United States v. Conley*, 777 F.3d 910, 914 (7th Cir. 2015); *United States v. White*, 2015 WL 1064556, at *2 (D. N. Ind. Mar. 11, 2015).

[6] Docket No. 75.

exhaustion of all administrative remedies. In this instance, Defendant is currently housed in the Southern District of Mississippi. Any § 2241 motion must be filed with that court.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Resentencing (Docket No. 76) is DENIED.

DATED this 6th day of April, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge